IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 2 8 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JOHNSON OBIEGBU, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-283-A |
| | § | (NO. 4:07-CR-189-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Johnson Obiegbu ("Obiegbu") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.[1]  Having reviewed the motion, the government's response, the record, and applicable legal authorities, the court concludes that the motion should be denied for the reasons stated herein.

I.

Background

Obeigbu pleaded guilty on February 8, 2008, to one count of possession of a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2.  Obiegbu was sentenced on May 30, 2008, to serve a term of imprisonment of ninety-seven months, followed by a four-

---

[1]Movant refers to his motion as a "petition" and to himself as "petitioner."  Consistent with the language of 28 U.S.C. § 2255, the court uses the terms "movant" and "motion" instead of "petitioner" and "petition."

year term of supervised release.   Obiegbu did not directly appeal
his sentence and has timely filed his present motion.

II.

## Grounds of the Motion

In support of his motion, Obiegbu asserts that he received
ineffective assistance of counsel.   Specifically, Obiegbu argues
that his counsel was ineffective because he failed to (1)
challenge the government's breach of the plea agreement, (2)
argue to the probation office and the court that Obiegbu
qualified for a "safety valve" adjustment, and (3) argue that the
drug quantity attributed to him in the Presentence Report ("PSR")
was inaccurate.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to
appeal, courts are entitled to presume that a defendant stands
fairly and finally convicted.   United States v. Frady, 456 U.S.
152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th
Cir. 1991).   A defendant can challenge his conviction or sentence
after it is presumed final only on issues of constitutional or
jurisdictional magnitude and may not raise an issue for the first
time on collateral review without showing both "cause" for his
procedural default and "actual prejudice" resulting from the
errors.   Shaid, 937 F.2d at 232.   Section 2255 is reserved for
transgressions of constitutional rights and other narrow injuries
that could not have been raised on direct appeal and would, if

2

condoned, result in a complete miscarriage of justice. <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. 1981).

IV.

<u>Analysis</u>

To prevail on an ineffective assistance of counsel claim after entering a plea of guilty, Obiegbu must show that (1) his counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 688, 694. Both prongs must be satisfied to demonstrate counsel's ineffective assistance. <u>Id.</u> at 687. In determining whether counsel's conduct was objectively unreasonable, the court is highly deferential to counsel's decisions, and the movant must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 689.

To prove that he was prejudiced by a sentencing error, Obiegbu must show that there is a reasonably probability that, but for counsel's error, he would have received a lower sentence. <u>United States v. Grammas</u>, 376 F.3d 433, 439 (5th Cir. 2004). "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).

3

A.    Breach of the Plea Agreement

Obiegbu first argues that his counsel was ineffective
because he failed to challenge the government's breach of the
plea agreement.  "When construing a plea agreement, we look to
what the defendant 'reasonably understood' when entering his
plea."  United States v. Borders, 992 F.2d 563, 567 (5th Cir.
1993).  "Promises resulting from the negotiation of plea
agreements, whether directly or indirectly made, must be
fulfilled to their fullest lawful extent in furtherance of fair
and proper administration of justice."  United States v. Avery,
621 F.2d 214, 215 (5th Cir. 1980).

As the government points out, Obiegbu did not plead guilty
pursuant to a plea agreement.  In his motion, Obiegbu seemingly
argues that he believed the factual resume to be a plea agreement
between himself and the government.  There is nothing in the
factual resume that would lend itself to a reasonable
understanding that the document was an agreement between the
government and Obiegbu, nor does it contain any promise that
Obiegbu's sentencing exposure would be anything besides a term of
imprisonment not less than five years and not more than forty
years.  Obiegbu provides nothing to support his argument that the
government promised him that he would be sentenced to 70-87
months' imprisonment.  See Harmason v. Smith, 888 F.2d 1527, 1529
(5th Cir. 1989).  The record of Obiegbu's rearraignment hearing
further bolsters the unreasonableness of his argument.  See
Rearraignment Tr. 8-12, 23, 26-28, Feb. 8, 2008.  Obiegbu has

4

failed to show that his counsel acted unreasonably by not arguing that the government had breached a non-existent plea agreement.

B.   "Safety Valve" Adjustment

Second, Obiegbu argues that his counsel was ineffective because he failed to investigate and/or communicate with the government and the court Obiegbu's eligibility for a "safety valve" adjustment.  The record clearly reflects that Obiegbu's counsel investigated and informed both the government and the court regarding Obiegbu's eligibility for a "safety valve" adjustment.  Sentencing Tr. 3, May 30, 2008.  Obiegbu has failed to show that his counsel's conduct was objectively unreasonable.

C.   Drug Quantity in the PSR

Finally, Obiegbu argues that he received ineffective assistance of counsel because his counsel failed to contest an additional amount of drugs attributed to Obiegbu in the PSR that were not included in the factual resume.  The record reflects that Obiegbu's counsel did object to the amount of drugs attributed to Obiegbu in the PSR, and, despite the court's tentative conclusion that the objection was without merit, advanced the objection at Obiegbu's sentencing hearing.  See Sentencing Tr. 4-7.  Again, Obiegbu has failed to show that his

counsel's actions were unreasonable.

V.

ORDER

For the reasons discussed above,

The court ORDERS that the motion of Johnson Obiegbu to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED August 28, 2009.

_____
JOHN McBRYDE
United States District Judge